UNITED STATES DISTRICT CIRCUIT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SALVATORE ZICCARELLI, | ) | Case No. 17 C |
|     Plaintiff, | ) | |
| | ) | Judge |
|     v. | ) | |
| THOMAS J. DART, Sheriff of Cook County, | ) | |
| Illinois, COOK COUNTY, ILLINOIS, a | ) | |
| Municipal Corporation and Body Politic, and | ) | Magistrate Judge |
| WYOLA, FMLA representative and employee of | ) | |
| Thomas J. Dart, Cook County Sheriff, | ) | |
|     Defendants. | ) | Jury Demanded |

**COMPLAINT UNDER AGE DISCRIMINATION IN EMPLOYMENT ACT AND TITLE VII OF CIVIL RIGHTS ACT OF 1964, CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. SECTION 1983 (UNLAWFUL DISCRIMINATION IN EMPLOYMENT AND CONSTRUCTIVE DISCHARGE BASED UPON DISABILITY, FAMILY AND MEDICAL LEAVE ACT OF 1993, ADA RETALIATION AND FMLA VIOLATION AND RETALIATION; VIOLATION OF CIVIL RIGHTS – EQUAL PROTECTION)**

Plaintiffs, SALVATORE ZICCARELLI, by his attorney, Michael J. Greco, Attorney at Law, complain of the Defendants THOMAS J. DART, SHERIFF OF COOK COUNTY, ILLINOIS, COOK COUNTY, ILLINOIS, a Municipal Corporation and Body Politic, as follows:

**Count I - Disability Retaliation**

1. This action is brought pursuant to the United States Constitution and Title VII of the Civil Rights Act of 1964, specifically Title 42 U.S.C. §2000e et seq.

2. Jurisdiction of this case is based upon Federal question under 28 U.S.C. Sec. 1331, as Plaintiff claims redress for employment discrimination and based on age, disability, and retaliation under Title VII of the Civil Rights Act of 1964, Title 42 USC Section 2000e et seq.,

and under the Age Discrimination in Employment Act of 1967 ("ADEA"). Plaintiff claims also violation of his rights under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. Sections 2601-2654 ("FMLA"), and retaliation for exercise of his rights under those laws.

3. Venue is proper in this Court as the cause of action arose and all acts complained of herein transpired in the County of Cook, State of Illinois, within the geographic expanse of this Court.

4. At all times relevant to this Complaint, Plaintiff was and remained employed by Defendant THOMAS J. DART, SHERIFF OF COOK COUNTY ("Dart"). Dart is the Sheriff of Cook County, Illinois, and operates that office through a department or division commonly known as Cook County Sheriff's Office. ("CCSO"). On September 20, 2016, as a consequence of actions of supervisory personnel employed by Dart and working broadly under his direction, Plaintiff effected his retirement from employment by Dart and the CCSO.

5. At all times relevant to this Complaint, Plaintiff has met or exceeded the legitimate expectations of Defendant in discharging his employment duties.

6. Plaintiff is a White male, age fifty-three years. Plaintiff suffers from anxiety, depression and post-traumatic stress disorder ("PTSD"). Prior to 2016, Plaintiff had sought treatment of these conditions, in connection with which Plaintiff reported his condition and physicians' diagnoses to Dart and CCSO, and specifically to persons working in the Human Resources Department for CCSO. As a result of such reporting, Plaintiff had secured from Defendant Dart and CCSO pre-approval for FMLA leave.

7. Plaintiff was FMLA-approved by CCSO as of January 1, 2016, and CCSO was also aware of Plaintiff's experiencing anxiety, depression and Post-Traumatic Stress Disorder ("PTSD").

8. Plaintiff has openly opposed discrimination, harassment and retaliation in the workplace, and filed prior lawsuits against Defendants, particularly *Ziccarelli v. Cook County, et al.*, Case No. 11 Cv-4909, filed in July, 2011, and *Ziccarelli v. Dart*, et al, Case No. 13 C-4391.

9. Plaintiff has a long term or permanent shoulder / tendon injury which limits his physical capacity, specifically in regard to repetitive motions with the injured shoulder. This condition has been identified by Defendant Dart as a permanent condition for which Plaintiff is entitled to benefits under the Family Medical Leave Act of 1993 ("FMLA").

10. Plaintiff's psychiatrist recommended in July, 2016, that Plaintiff take leave from working at CCSO for a period of eight weeks, and that Plaintiff undergo Partial Hospitalization Program to treat Plaintiff's PTSD during the eight weeks' leave.

11. Plaintiff sought to arrange leave with CCSO and Dart's Human Resources personnel.

12. Plaintiff had ample medical leave time available to him according to CCSO records to take the eight weeks' leave pursuant to his psychiatrist's directions – Plaintiff had approximately three months' worth of medical leave available to him in fact. CCSO personnel, including Human Resources employee Wyola, the FMLA liaison or representative within the Human Resources office, refused nevertheless to authorize the consecutive time period of leave, and advised Plaintiff that he could not take medical leave or disability leave on days which immediately precede or follow weekends, holidays, or normal "days-off" for

3

Plaintiff.

13. Plaintiff disagreed with Wyola's refusal, and pursued the issue, since following the directive of Wyola from CCSO Human Resources Department would materially interfere with Plaintiff's participation in the Partial Hospitalization Program prescribed by Plaintiff's psychiatrist.

14. CCSO Human Resources personnel and Wyola, acting in her capacity as agent and Human Resources employee for Dart, refused to afford the time off to Plaintiff in spite of his identified medical and psychiatric needs, stating that if Plaintiff took time off in connection with his days off, or if Plaintiff took time off or leave that CCSO Human Resources did not explicitly approve, then action would be taken against Plaintiff by Dart and CCSO.

15. Wyola, acting on behalf of Dart and CCSO and in direct contradiction of Plaintiff's psychiatrist's recommendation, directed Plaintiff not to take any more time off, including time off for outpatient hospitalization, and advised Plaintiff that if he did take more time off then action would be taken to discharge him from his employment at CCSO.

16. As a consequence of Wyola's and CCSO's actions and threats, Plaintiff suffered a nervous breakdown in September, 2016.

17. Fearing that Plaintiff would be subject to disciplinary action if he took time off to address his psychiatric needs and trauma, Plaintiff took early retirement on September 20, 2016. Plaintiff was just fifty-two years old at the time of such retirement.

18. Dart, CCSO and Wyola knew that Plaintiff was a person with a disability at all times from July, 2016, through September, 2016, the time period of the events described

hereinabove. Specifically, Dart, CCSO and Wyola knew that Plaintiff suffered from PTSD, anxiety and depression, and that he received FMLA-required leave, approved by Dart and CCSO, in connection with these conditions.

19. Wyola, individually and in her capacity as FMLA representative for Dart and CCSO, knew or should have known that Plaintiff's condition may deteriorate as a consequence of refusing to allow Plaintiff to undergo the outpatient hospitalization as directed by Plaintiff's psychiatrist.

20. Wyola, individually and in her capacity as FMLA representative for Dart and CCSO, directly and proximately caused Plaintiff's nervous breakdown in September, 2016, by the threats made to Plaintiff that she would take action against Plaintiff if he took the leave necessary for the outpatient hospitalization.

21. Wyola, individually and in her capacity as FMLA representative for Dart and CCSO, directly and proximately caused Plaintiff's constructive discharge in September, 2016, by the threats made to Plaintiff that she would take action against Plaintiff if he took the leave necessary for the outpatient hospitalization.

22. Plaintiff has suffered damages as a direct and proximate consequence of the aforementioned actions of Dart, CCSO and Wyola, including loss of earnings, loss of benefits, emotional distress and trauma.

23. Wyola, individually and in her capacity as FMLA representative for Dart and CCSO, are culpable of retaliating against Plaintiff for exercising his rights under the ADA, and should be assessed damages for such ADA retaliation, including entry of judgment against them in favor of Plaintiff for loss of earnings, loss of benefits, emotional distress and trauma.

24. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), No. 440-2017-00638, on November 8, 2016. (A copy of the EEOC Charge is attached as Exhibit 1 and made a part of this Complaint).

25. The EEOC issued a Right-To-Sue letter in this Charge on January 27, 2017. Said letter was sent via United States Postal Service, and was received on January 30, 2017, by the Plaintiff.

26. The harassment and discriminatory treatment to which Plaintiff was subjected as set forth above directly and proximately caused him humiliation, emotional distress, mental anguish, and personal trauma and turmoil.

Wherefore, Plaintiff SALVATORE ZICCARELLI respectfully requests that judgment be awarded and entered in his favor against Defendant THOMAS J. DART, SHERIFF OF COOK COUNTY, ILLINOIS, in a sum in excess of $75,000.00 plus attorney's fees and costs, that Plaintiff be awarded reinstatement of his employment by Defendants and Cook County Sheriff's Department, and that Plaintiff be awarded such further relief as the Court deems just. Plaintiff demands trial by jury.

**Count II – FMLA Retaliation claim of Plaintiff**

27 – 52. Plaintiff repeats the allegations of Paragraphs 1 through 26 inclusive of Count I as though fully set forth.

53. Plaintiff was known to Dart, CCSO, and to Wyola, as a FMLA-approved person.

54. Upon information and belief, Dart, CCSO, and to Wyola, singled Plaintiff out for abusive treatment set forth hereinabove in retaliation for Plaintiff's FMLA-approved status.

55.     Upon information and belief, co-workers of Plaintiff in Defendant's employ who are similarly situated to Plaintiff but did not demand ADA and FMLA benefits and enforcement, or complain of unlawful employment discrimination have not experienced such discrimination and retaliation as that described hereinabove.

Wherefore, Plaintiff SALVATORE ZICCARELLI respectfully requests that judgment be awarded and entered in his favor against Defendant THOMAS J. DART, SHERIFF OF COOK COUNTY, ILLINOIS, in a sum in excess of $75,000.00 plus attorney's fees and costs, that Plaintiff be awarded reinstatement of his employment by Defendants and Cook County Sheriff's Department, and that Plaintiff be awarded such further relief as the Court deems just.  Plaintiff demands trial by jury.

**Count III – ADEA Violation of Plaintiff**

56 – 81.     Plaintiff repeats the allegations of Paragraphs 1 through 26, inclusive, of Count I as though fully set forth.

82.     Plaintiff was among the older officers employed by Dart and CCSO at the time of his constructive discharge.

83.     Upon information and belief, co-workers of Plaintiff in Defendant's employ who are similarly situated to Plaintiff but were and are younger, and particularly under forty years of age, have not experienced such discrimination and retaliation as that described hereinabove.

Wherefore, Plaintiff SALVATORE ZICCARELLI respectfully requests that judgment be awarded and entered in his favor against Defendant THOMAS J. DART, SHERIFF OF COOK COUNTY, ILLINOIS, in a sum in excess of $75,000.00 plus attorney's fees and costs, that

Plaintiff be awarded reinstatement of his employment by Defendants and Cook County Sheriff's Department, and that Plaintiff be awarded such further relief as the Court deems just. Plaintiff demands trial by jury.

**Count IV – Civil Right Violation Claim under 42 U.S.C. Sec. 1983 – Equal Protection Class-of-One Violation claim.**

84 – 109.     Plaintiff repeats the allegations of Paragraphs 1 through 26, inclusive, of Count I as though fully set forth.

110.    CCSO employee and FMLA representative Wyola knew at the time of the events described hereinabove that her conduct in refusing Plaintiff's use of his medical leave so that he could undergo outpatient hospitalization prescribed by his psychiatrist, could imperil seriously Plaintiff's health. Wyola's actions toward and against Plaintiff as described hereinabove were outrageous, and threatened Plaintiff's health and life, thus amounting to a potential violation of Plaintiff's right to pursue lawful, gainful employment, right to access suitable medical care, and right to attend to his psychiatric needs, amounting to a violation of Plaintiff's constitutional rights to not be deprived of liberty and property without due process, and to equal treatment and equal protection of the law.

111.    Despite that knowledge CCSO employee and FMLA representative Wyola refused Plaintiff's use of his medical leave thwarted Plaintiff's capacity to fulfill his psychiatrist's directive and prescribed course of treatment.

112.    CCSO employee and FMLA representative Wyola's actions toward and treatment of Plaintiff as described hereinabove violated Plaintiff's right to equal protection of the law as a

8

class-of-one.

113.    CCSO employee and FMLA representative Wyola is directly and proximately culpable for Plaintiff's constructive discharge, and violation of Plaintiff's 14th Amendment constitutional right to equal protection of the laws.

Wherefore, Plaintiff SALVATORE ZICCARELLI respectfully requests that judgment be awarded and entered in his favor against Defendant WYOLA, individually and as agent of THOMAS J. DART, SHERIFF OF COOK COUNTY, ILLINOIS, and COOK COUNTY, ILLINOIS in a sum in excess of $75,000.00 plus attorney's fees, costs and such further relief as the Court deems just. Plaintiff demands trial by jury.

**Count V – Indemnification Claim of Plaintiff against Defendant Cook County, Illinois, a Body Politic**

114 – 139.    Plaintiff repeats the allegations of Paragraphs 1 through 26 inclusive of Count I as though fully set forth.

140.    Defendant Cook County, Illinois, a Body Politic, is obligated to indemnify elected Public Official and employer Defendant THOMAS J. DART, SHERIFF OF COOK COUNTY, ILLINOIS pursuant to Chapter 745 ILCS Section 10/9-102.

Wherefore, Plaintiff SALVATORE ZICCARELLI respectfully requests that judgment be awarded and entered in his favor against Defendant COOK COUNTY, ILLINOIS, a Body Politic, as indemnor of Defendant THOMAS J. DART, SHERIFF OF COOK COUNTY, ILLINOIS, in a sum in excess of $75,000.00 plus attorney's fees, costs and such further relief as the Court deems just. Plaintiff demands trial by jury.

SALVATORE ZICCARELLI,

By:_____/S/__ Michael J. Greco __

Michael J. Greco                       Michael J. Greco, Attorney at Law
Attorney for Plaintiff               Attorney for Plaintiff
175 W. Jackson Blvd., Suite 240
Chicago, Illinois 60604
312 222-0599
Attorney No. 06201254