UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTER DIVISION

| | |
|---|---|
| **SALVATORE ZICCARELLI,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17 CV 3179 ) ) |
| **THOMAS J. DART, Sheriff of Cook County, Illinois and COOK COUNTY, ILLINOIS, a Municipal Corporation and Body Politic, WYOLA, FMLA representative and employee of Thomas J. Dart, Cook County Sheriff,** | ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME the defendants, Thomas J. Dart, Sheriff of Cook County, Wyola Shinnawi, and Cook County, Illinois, by Kimberly M. Foxx, Cook County State's Attorney, through her assistant Andrew J. Creighton, and hereby answer the plaintiff's complaint as follows:

**Count I - Disability Retaliation**

1. This action is brought pursuant to the United States Constitution and Title VII of the Civil Rights Act of 1964, specifically Title 42 U.S.C. §2000e et. seq.

**Answer**: Defendants admit that Plaintiff has pleaded an action pursuant to the United States Constitution and Title VII of the Civil Rights Act of 1964, Section 2000e-2 *et seq.* but deny there is any merit to the allegations.

2. Jurisdiction of this case is based upon Federal question under 28 U.S.C. Sec. 1331, as Plaintiff claims redress for employment discrimination and based on age, disability, and retaliation under Title VII of the Civil Rights Act of 1964, Title 42 USC Section 2000e et seq., and under the Age Discrimination in Employment Act of 1967 ("ADEA"). Plaintiff claims also

1

violation of his rights under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. Sections 2601-2654 ("FMLA"), and retaliation for exercise of his rights under those laws.

**Answer**: Defendants admit that this Court has jurisdiction of the Plaintiff's claims.

3. Venue is proper in this Court as the cause of action arose and all acts complained of herein transpired in the County of Cook, State of Illinois, within the geographic expanse of this Court.

**Answer**: Defendants admit the allegations of this paragraph.

4. At all times relevant to this Complaint, Plaintiff was and remained employed by Defendant THOMAS J. DART, SHERIFF OF COOK COUNTY ("Dart"). Dart is the Sheriff of Cook County, Illinois, and operates that office through a department or division commonly known as Cook County Sheriff's Office. ("CCSO"). On September 20, 2016, as a consequence of actions of supervisory personnel employed by Dart and working broadly under his direction, Plaintiff effected his retirement from employment by Dart and the CCSO.

**Answer**: Defendants admit that Plaintiff was employed by the Sheriff of Cook County, and that Plaintiff retired on September 20, 2016. Defendants deny that Plaintiff's retirement was a consequence of any actions of supervisory personnel.

5. At all times relevant to this Complaint, Plaintiff has met or exceeded the legitimate expectations of Defendant in discharging his employment duties.

**Answer**: Defendants deny the allegations of this paragraph.

6. Plaintiff is a White male, age fifty-three years. Plaintiff suffers from anxiety, depression and post-traumatic stress disorder ("PTSD"). Prior to 2016, Plaintiff had sought treatment of these conditions, in connection with which Plaintiff reported his condition and

physicians' diagnoses to Dart and CCSO, and specifically to persons working in the Human Resources Department for CCSO. As a result of such reporting, Plaintiff had secured from Defendant Dart and CCSO pre-approval for FMLA leave.

**Answer**: Defendants admit that Plaintiff is a white male 53 years of age and that he was granted FMLA leave on an intermediate basis on January 13, 2015. Defendants neither admit nor deny the allegations Plaintiff suffers from anxiety, depression and post-traumatic stress disorder ("PTSD") because they lack the knowledge or information necessary to respond. Defendants deny the remaining allegations of this paragraph.

7. Plaintiff was FMLA-approved by CCSO as of January 1, 2016, and CCSO was also aware of Plaintiff's experiencing anxiety, depression and Post-Traumatic Stress Disorder ("PTSD").

**Answer**: Defendants admit that Plaintiff was granted FMLA leave on an intermediate basis on January 13, 2015. Defendants deny the remaining allegations of this paragraph.

8. Plaintiff has openly opposed discrimination, harassment and retaliation in the workplace, and filed prior lawsuits against Defendants, particularly *Ziccarelli v. Cook County, et al.*, Case No. 11 Cv-4909, filed in July, 2011, and *Ziccarelli v. Dart*, et al, Case No. 13 C-4391.

**Answer**: Defendants admit that Plaintiff filed a federal lawsuit styled *Ziccarelli v. Cook County, et al.*, Case No. 11 CV 4909, in which summary judgment was granted in the favor Defendants and affirmed by the Court of Appeals. Defendants admit that Plaintiff filed a federal lawsuit styled *Ziccarelli v. Dart*, ET. al., No. 13 C-4391 and that summary judgment was entered in favor Defendants in that case also. Defendants deny the remaining allegations of this paragraph.

9. Plaintiff has a long term or permanent shoulder / tendon injury which limits his

physical capacity, specifically in regard to repetitive motions with the injured shoulder. This condition has been identified by Defendant Dart as a permanent condition for which Plaintiff is entitled to benefits under the Family Medical Leave Act of 1993 ("FMLA").

**Answer**: Defendants admit the allegations of this paragraph.

10. Plaintiff's psychiatrist recommended in July, 2016, that Plaintiff take leave from working at CCSO for a period of eight weeks, and that Plaintiff undergo Partial Hospitalization Program to treat Plaintiff's PTSD during the eight weeks' leave.

**Answer**: Defendants neither admit nor deny this allegation because they lack the knowledge or information necessary to respond.

11. Plaintiff sought to arrange leave with CCSO and Dart's Human Resources personnel.

**Answer**: Defendants deny the allegations of this paragraph.

12. Plaintiff had ample medical leave time available to him according to CCSO records to take the eight weeks' leave pursuant to his psychiatrist's directions – Plaintiff had approximately three months' worth of medical leave available to him in fact. CCSO personnel, including Human Resources employee Wyola, the FMLA liaison or representative within the Human Resources office, refused nevertheless to authorize the consecutive time period of leave, and advised Plaintiff that he could not take medical leave or disability leave on days which immediately precede or follow weekends, holidays, or normal "days-off" for Plaintiff.

**Answer**: Defendants deny the allegations of this paragraph.

13. Plaintiff disagreed with Wyola's refusal, and pursued the issue, since following the directive of Wyola from CCSO Human Resources Department would materially interfere

with Plaintiff's participation in the Partial Hospitalization Program prescribed by Plaintiff's psychiatrist.

**Answer**: Defendants deny the allegations of this paragraph.

14. CCSO Human Resources personnel and Wyola, acting in her capacity as agent and Human Resources employee for Dart, refused to afford the time off to Plaintiff in spite of his identified medical and psychiatric needs, stating that if Plaintiff took time off in connection with his days off, or if Plaintiff took time off or leave that CCSO Human Resources did not explicitly approve, then action would be taken against Plaintiff by Dart and CCSO.

**Answer**: Defendants deny the allegations of this paragraph.

15. Wyola, acting on behalf of Dart and CCSO and in direct contradiction of Plaintiff's psychiatrist's recommendation, directed Plaintiff not to take any more time off, including time off for outpatient hospitalization, and advised Plaintiff that if he did take more time off then action would be taken to discharge him from his employment at CCSO.

**Answer**: Defendants deny the allegations of this paragraph.

16. As a consequence of Wyola's and CCSO's actions and threats, Plaintiff suffered a nervous breakdown in September, 2016.

**Answer**: Defendants deny the allegations of this paragraph.

17. Fearing that Plaintiff would be subject to disciplinary action if he took time off to address his psychiatric needs and trauma, Plaintiff took early retirement on September 20, 2016. Plaintiff was just fifty-two years old at the time of such retirement.

**Answer**: Defendant admit that Plaintiff retired on September 20, 2016 at 52 years of age. Defendants deny the remaining allegations of this paragraph.

18. Dart, CCSO and Wyola knew that Plaintiff was a person with a disability at all

times from July, 2016, through September, 2016, the time period of the events described hereinabove. Specifically, Dart, CCSO and Wyola knew that Plaintiff suffered from PTSD, anxiety and depression, and that he received FMLA-required leave, approved by Dart and CCSO, in connection with these conditions.

**Answer**: Defendants deny the allegations of this paragraph.

19. Wyola, individually and in her capacity as FMLA representative for Dart and CCSO, knew or should have known that Plaintiff's condition may deteriorate as a consequence of refusing to allow Plaintiff to undergo the outpatient hospitalization as directed by Plaintiff's psychiatrist.

**Answer**: Defendants deny the allegations of this paragraph.

20. Wyola, individually and in her capacity as FMLA representative for Dart and CCSO, directly and proximately caused Plaintiff's nervous breakdown in September, 2016, by the threats made to Plaintiff that she would take action against Plaintiff if he took the leave necessary for the outpatient hospitalization.

**Answer**: Defendants deny the allegations of this paragraph.

21. Wyola, individually and in her capacity as FMLA representative for Dart and CCSO, directly and proximately caused Plaintiff's constructive discharge in September, 2016, by the threats made to Plaintiff that she would take action against Plaintiff if he took the leave necessary for the outpatient hospitalization.

**Answer**: Defendants deny each and every allegations of this paragraph.

22. Plaintiff has suffered damages as a direct and proximate consequence of the aforementioned actions of Dart, CCSO and Wyola, including loss of earnings, loss of benefits, emotional distress and trauma.

**Answer**: Defendants deny the allegations of this paragraph.

23. Wyola, individually and in her capacity as FMLA representative for Dart and CCSO, are culpable of retaliating against Plaintiff for exercising his rights under the ADA, and should be assessed damages for such ADA retaliation, including entry of judgment against them in favor of Plaintiff for loss of earnings, loss of benefits, emotional distress and trauma.

**Answer**: Defendants deny the allegations of this paragraph.

24. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), No. 440-2017-00638, on November 8, 2016. (A copy of the EEOC Charge is attached as Exhibit 1 and made a part of this Complaint).

**Answer**: Defendants admit the allegations of this paragraph.

25. The EEOC issued a Right-To-Sue letter in this Charge on January 27, 2017. Said letter was sent via United States Postal Service, and was received on January 30, 2017, by the Plaintiff.

**Answer**: Defendants admit that the EEOC issued a right To Sue letter on January 27, 2017. Defendants neither admit nor deny that the EEOC letter was received on January 30, 2017 because they lack the knowledge or information necessary to respond.

26. The harassment and discriminatory treatment to which Plaintiff was subjected as set forth above directly and proximately caused him humiliation, emotional distress, mental anguish, and personal trauma and turmoil.

**Answer**: Defendants deny each and every allegations of this paragraph.

Wherefore Defendants deny that Plaintiff is entitled to any relief whatsoever.

**Count II – FMLA Retaliation claim of Plaintiff**

27 – 52. Plaintiff repeats the allegations of Paragraphs 1 through 26 inclusive of

7

Count I as though fully set forth.

**Answer**: Defendants restate and re-allege their Answers to paragraph 1-26 as and for their Answers to paragraphs 27-52 of this Count II.

53. Plaintiff was known to Dart, CCSO, and to Wyola, as a FMLA-approved person.

**Answer**: Defendants admit that form time to time Plaintiff was approved for FMLA leave.

54. Upon information and belief, Dart, CCSO, and to Wyola, singled Plaintiff out for abusive treatment set forth hereinabove in retaliation for Plaintiff's FMLA-approved status.

**Answer**: Defendants deny each and every allegations of this paragraph.

55. Upon information and belief, co-workers of Plaintiff in Defendant's employ who are similarly situated to Plaintiff but did not demand ADA and FMLA benefits and enforcement, or complain of unlawful employment discrimination have not experienced such discrimination and retaliation as that described hereinabove.

**Answer**: Defendants deny each and every allegations of this paragraph.

Wherefore Defendants deny that Plaintiff is entitled to any relief whatsoever.

**Count III – ADEA Violation of Plaintiff**

56 – 81. Plaintiff repeats the allegations of Paragraphs 1 through 26, inclusive, of Count I as though fully set forth.

**Answer**: Defendants restate and re-allege their Answers to paragraph 1-26 as and for their Answers to paragraphs 56-81 of this Count II.

82. Plaintiff was among the older officers employed by Dart and CCSO at the time of his constructive discharge.

**Answer**: Defendants deny the allegations of this paragraph.

83. Upon information and belief, co-workers of Plaintiff in Defendant's employ who are similarly situated to Plaintiff but were and are younger, and particularly under forty years of age, have not experienced such discrimination and retaliation as that described hereinabove.

**Answer**: Defendants deny each and every allegations of this paragraph. Wherefore Defendants deny that Plaintiff is entitled to any relief whatsoever.

**Count IV – Civil Right Violation Claim under 42 U.S.C. Sec. 1983 – Equal Protection Class-of-One Violation claim.**

84 – 109. Plaintiff repeats the allegations of Paragraphs 1 through 26, inclusive, of Count I as though fully set forth.

**Answer**: Defendants restate and re-allege their Answers to paragraph 1-26 as and for their Answers to paragraphs 84-109 of this Count IV.

110. CCSO employee and FMLA representative Wyola knew at the time of the events described hereinabove that her conduct in refusing Plaintiff's use of his medical leave so that he could undergo outpatient hospitalization prescribed by his psychiatrist, could imperil seriously Plaintiff's health. Wyola's actions toward and against Plaintiff as described hereinabove were outrageous, and threatened Plaintiff's health and life, thus amounting to a potential violation of Plaintiff's right to pursue lawful, gainful employment, right to access suitable medical care, and right to attend to his psychiatric needs, amounting to a violation of Plaintiff's constitutional rights to not be deprived of liberty and property without due process, and to equal treatment and equal protection of the law.

**Answer**: Defendants deny each and every allegations of this paragraph.

111. Despite that knowledge CCSO employee and FMLA representative Wyola refused Plaintiff's use of his medical leave thwarted Plaintiff's capacity to fulfill his psychiatrist's directive and prescribed course of treatment.

9

**Answer**: Defendants deny the allegations of this paragraph.

112. CCSO employee and FMLA representative Wyola's actions toward and treatment of Plaintiff as described hereinabove violated Plaintiff's right to equal protection of the law as a class-of-one.

**Answer**: Defendants deny the allegations of this paragraph.

113. CCSO employee and FMLA representative Wyola is directly and proximately culpable for Plaintiff's constructive discharge, and violation of Plaintiff's 14th Amendment constitutional right to equal protection of the laws.

**Answer**: Defendants deny the allegations of this paragraph.

Wherefore Defendants deny that Plaintiff is entitled to any relief whatsoever.

**Count V – Indemnification Claim of Plaintiff against Defendant Cook County, Illinois, a Body Politic**

114 – 139. Plaintiff repeats the allegations of Paragraphs 1 through 26 inclusive of Count I as though fully set forth.

**Answer**: Defendants restate and re-allege their Answers to paragraph 1-26 as and for their Answers to paragraphs 114-139 of this Count IV.

140. Defendant Cook County, Illinois, a Body Politic, is obligated to indemnify elected Public Official and employer Defendant THOMAS J. DART, SHERIFF OF COOK COUNTY, ILLINOIS pursuant to Chapter 745 ILCS Section 10/9-102.

**Answer**: Defendants admit the allegations of this paragraph.

Wherefore Defendants deny that Plaintiff is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

Defendants submit the following affirmative defenses to Plaintiff's allegations:

1. Plaintiff is time-barred from pursuing any claims based on actions that occurred outside the applicable statutory limitations period. Plaintiff's Charge of Discrimination was filed on November 8, 2016 and any allegations over 300 days are time barred.

2. Plaintiff was not terminated and did not suffer any adverse employment action that would entitle him to relief.

3. Plaintiff's claims for damages must be barred because Plaintiff has failed to act reasonably to mitigate his damages. To the extent Plaintiff has failed to mitigate his damages, any award of damaged may be reduced by the amount of that mitigation.

4. To the extent that Plaintiff seeks punitive damages in this action. Local governments are immune from punitive damages liability under §1983. *See City of Newport v. Fact Concerts*, 453 U.S.247 (1981).

5. Plaintiff's claims are barred to the extent that his allegations exceed the scope of his charge of discrimination or retaliation.

6. There is no evidence that any unlawful acts alleged by Plaintiff were carried out by his supervisors. So there is no basis for employer liability.

7. Remedial Action: If any remedial action was required, Defendants properly took such action and therefore there is no basis for employer liability.

8. Defendants reserve the right to amend its answer and to assert any additional defenses or affirmative defenses as may become available or apparent at any future date.

WHEREFORE Defendants pray that the complaint be dismissed.

                                              KIMBERLY M. FOXX
                                              State's Attorney of Cook County

By:    */s/ Andrew J. Creighton*
        Andrew J. Creighton
        ARDC # 0542091
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-5111
        andrew.creighton@cookcountyil.gov