IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Salvatore Ziccarelli, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 3179 |
| | ) | Judge Ronald A. Guzmán |
| Thomas Dart, Cook County | ) | |
| Sheriff, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Defendants' motion for summary judgment [29] is granted. All other pending motions are denied as moot. Civil case terminated.

**STATEMENT**

**Facts**

The facts are largely undisputed. Salvatore Ziccarelli was employed as a corrections officer with the Cook County Sheriff's Office ("CCSO") from approximately 1990 to September 20, 2016, when he retired at the age of 52. Plaintiff applied and was approved for intermittent leave under the Family and Medical Leave Act ("FMLA") in early 2016 due to deep vein thrombosis in his right leg, which impeded his ability to walk; a right-shoulder injury preventing repetitive motion; post-traumatic stress disorder ("PTSD"); and anxiety. In July 2016, Plaintiff's psychiatrist recommended that he take eight weeks' leave from work in order to undergo a partial hospitalization program to treat certain mental health conditions, including depression and PTSD. Sometime in September 2016, Plaintiff called the FMLA liaison in the CCSO's Human Resources department, Wyola Shinnawi, to arrange taking the eight-week leave. According to Plaintiff, Shinnawi refused to authorize the requested leave and indicated that he could not take medical or disability leave on days immediately preceding or following weekends, holidays, or Plaintiff's regularly-scheduled days off, and that if he took such time off, he would be subject to discipline.

Shinnawi testified at her deposition that at the time Plaintiff called her, she reviewed in the relevant database how much FMLA leave Plaintiff had remaining and told him that he did not have sufficient hours to take eight weeks of FMLA leave. (Shinnawi Dep., Defs.' Ex. 3, Dkt. # 31-4, at 18.) She testified further that when Plaintiff told her he "really needed the time off" and asked if "was he going to get in trouble," she told him that "if he used FMLA [leave] that he did not have, it would be coded unauthorized, and then attendance review would handle it moving forward." (*Id*. at 19.) This phone call was the only contact Plaintiff had with Shinnawi about taking the eight-week FMLA leave. It is undisputed that at the time of the call, Plaintiff had

unused sick days and vacation time available, and he made no further contact with any person in the Human Resources Department about the requested leave. Plaintiff alleges that as a result of Shinnawi's "actions and threats," he "suffered a nervous breakdown," and "[f]earing that [he] would be subject to disciplinary action if he took time off to address his psychiatric needs and trauma," he filed for early retirement on September 20, 2016, just a few days after his phone conversation with Shinnawi. (Compl., Dkt. #1, ¶¶ 16-17; Ziccarelli Dep., Defs.' Ex. 2, Dkt. # 31-3, at 56.)

Plaintiff sues Cook County Sheriff Thomas Dart, Cook County, and Shinnawi, alleging disability and age discrimination, FMLA retaliation and interference, a class-of-one equal protection violation, and an indemnification claim against Cook County.

**Standard**

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts do not weigh the evidence or make credibility determinations when deciding motions for summary judgment. *See Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011). Rather, the Court must "construe all factual disputes and draw all reasonable inferences in favor of [ ] the non-moving party." *Cole v. Bd. of Trustees of N. Ill. Univ.*, 838 F.3d 888, 895 (7th Cir. 2016). "A factual dispute is genuine only if a reasonable jury could find for either party." *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014) (internal quotation marks and citation omitted).

**Analysis**

Plaintiff fails to respond to Defendants' motion for summary judgment with respect to his disability and age discrimination and equal protection claims; accordingly, any argument in support of these claims is waived and the Court grants Defendants' properly-supported motion as to them. *See Hendricks v. Lauber*, No. 16 C 627, 2018 WL 2445311, at *4 (N.D. Ill. May 31, 2018) ("[F]ailure to respond to any argument in response to a summary judgment motion constitutes a waiver of that argument."). Regarding the remaining claims, the Court finds that they also fail.

<u>FMLA Retaliation</u>. "In order to prevail on a FMLA retaliation claim, a plaintiff must present evidence that []he was subject to an adverse employment action that occurred because []he requested or took FMLA leave." *Guzman v. Brown Cty.*, 884 F.3d 633, 640 (7th Cir. 2018). Plaintiff does not point to any such action. To the extent Plaintiff contends that he was constructively discharged, this assertion fails. Constructive discharge occurs "when, from the standpoint of a reasonable employee, the working conditions become unbearable." *Wright v. Ill. Dep't of Children & Family Servs.*, 798 F.3d 513, 527 (7th Cir. 2015). [T]o support . . . a [constructive discharge] claim, a plaintiff's working conditions must be even more egregious than the high standard for hostile work environment claims." *Boumehdi v. Plastag Holdings,*

2

*LLC*, 489 F.3d 781, 789 (7th Cir. 2007).  "[T]he primary rationale" for this principle "is to permit an employer to address a situation before it causes an employee to quit."  *Id*. at 790.  The record is completely devoid of any facts supporting constructive discharge; thus, the Court concludes that no reasonable jury could find that Plaintiff's working conditions were unbearable and grants judgment to Defendants on this claim.

FMLA Interference.  "In order to prevail on a FMLA interference claim, an employee must establish that (1) []he was eligible for the FMLA's protections, (2) h[is] employer was covered by the FMLA, (3) []he was entitled to leave under the FMLA, (4) []he provided sufficient notice of h[is] intent to take leave, and (5) h[is] employer denied h[is] FMLA benefits to which []he was entitled."  *Guzman,* 884 F.3d at 638.  Plaintiff has failed to create a genuine issue of material fact that he was denied FMLA benefits; indeed, Plaintiff points to no record evidence that he was told he could not take his remaining FMLA leave.  Shinnawi told Plaintiff in a telephone conversation that he did not have sufficient hours to take the full eight weeks he requested as FMLA leave and that there could be consequences from the attendance review unit if he took time off to which he was not entitled.  From what the Court can tell, Shinnawi did her job.  (Zicarrelli Dep., Dkt. # 31-3, Ex. 8, CCSO General Order 11.4.1.1, Unauthorized Absence, § IV.A.1., at 4 ("When an employee has an Unauthorized Absence Occurrence, the Attendance Review Unit Supervisor will meet with the employee within seventy-two (72) hours or three (3) business days . . . to perform an Unauthorized Absence counseling session or be presented with a Disciplinary Action Form . . . .").)  Plaintiff admits he made no effort to follow up with anyone to find out if he could use his sick days or vacation time to supplement any FMLA time he had remaining and instead, almost immediately retired.  Because Plaintiff has failed to point to any evidence that he was denied FMLA benefits to which he was entitled, judgment is granted to Defendants on this claim.

Indemnification.  The Court need not address the indemnification count as Plaintiff is not entitled to relief on any of her claims.

**Conclusion**

For the reasons stated above, Defendants' motion for summary judgment is granted.  All other pending motions are denied as moot.  Civil case terminated.

**Date**: June 20, 2018

_____
**Ronald A. Guzmán
United States District Judge**