# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SALVATORE ZICCARELLI, | ) | Case No. 17 C 3179 |
| Plaintiff, | ) | |
| | ) | Judge Guzman |
| v. | ) | |
| THOMAS J. DART, Sheriff of Cook County, | ) | |
| Illinois, COOK COUNTY, ILLINOIS, a | ) | |
| Municipal Corporation and Body Politic, | ) | Magistrate Judge |
| Defendants. | ) | |

## NOTICE OF MOTION

To: Andrew Creighton, Asst. State's Atty., Kimberly Foxx, Cook County State's Attorney, Richard J. Daley Ctr., Room 500, Chicago, IL 60602 andrew.creighton@cookcountyil.gov

On Tuesday, July 23, 2019 at 9:30am we will appear before the presiding judge, Hon. Judge Ronald Guzman in Courtroom 1801 at the Everett M. Dirksen Bldg., 219 S. Dearborn St., Chicago, Ill. and present the following Motion:

**PLAINTIFF'S FED. RULE CIV. P. 60(b)(6) MOTION FOR RELIEF FROM ORDER OF JUNE 20, 2018 GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he served a copy of the foregoing document by electronic mail on the U.S. District Court's electronic case filing system to Andrew Creighton, Assistant State's Attorney, Kimberly Foxx, State's Attorney of Cook County, Richard J. Daley Center, Suite 500, Chicago, IL 60602 andrew.creighton@cookcountyil.gov before 11:59 pm on June 19, 2019.

By: s/ Michael J. Greco_____

Atty. No. 6201254                          Michael J. Greco, Attorney for Plaintiff
Michael Greco, Attorney at Law
Attorney for Plaintiff
175 W. Jackson Blvd. Ste. 240
Chicago, Illinois  60604
312 222-0599
Email: michaelgreco18@yahoo.com

**UNITED STATES DISTRICT CIRCUIT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SALVATORE ZICCARELLI, | ) | Case No. 17 C 3179 |
| Plaintiff, | ) | |
| | ) | Judge Guzman |
| v. | ) | |
| THOMAS J. DART, Sheriff of Cook County, | ) | |
| Illinois, COOK COUNTY, ILLINOIS, a | ) | |
| Municipal Corporation and Body Politic, | ) | Magistrate Judge |
| Defendants. | ) | Jury Demanded |

**PLAINTIFF'S FED. RULE CIV. P. 60(b)(6) MOTION FOR RELIEF FROM ORDER OF
JUNE 20, 2018 GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Salvatore Ziccarelli moves this Court pursuant to Fed. Rule Civ. P. 60(b)(6)

for relief from the Court's Order of June 20, 2018 granting Defendants' Motion for Summary

Judgment, and to enter an Order denying Defendants' Motion for Summary Judgment solely for

the purpose of allowing Plaintiff to pursue the remedy of reinstatement to his employment by

Defendant Dart.  To support this Motion, Plaintiff states as follows:

**Factual Predicate**

This Court entered an Order on June 20, 2018 granting Defendants' Motion for Summary

Judgment as to Plaintiff's claims of FMLA Retaliation and FMLA Interference.  The Court

found that there was no genuine issue of material fact that Defendants did not constructively

discharge Plaintiff, and there was no genuine issue of material fact that Defendants had not

interfered with Plaintiff's exercise of his FMLA rights.

Plaintiff submits that because of the nature of his psychological illness, anxiety,

depression and PTSD, he was unable timely to divulge in full facts which would have provided

2

more context and explanation for Plaintiff's precipitous early retirement in September 2016.

(See Plaintiff's *Supplemental Affidavit of Salvatore Ziccarelli*, paras. 2, 7-11, 30, attached as Ex.

1 and made a part of this Affidavit). Specifically, Plaintiff was operating under active anxiety

and trauma, and erroneously, even recklessly, submitted his retirement application early in

response to statements he received from Defendant Wyola Shinnawi.  In the unique

circumstances of this case, extraordinary circumstances exist justifying relief under Fed. Rule

Civ. P. 60(b)(6).

Plaintiff was employed as a Corrections Officer by Defendant THOMAS J. DART,

SHERIFF OF COOK COUNTY ("Dart") and Cook County Sheriff's Office. ("CCSO")

from approximately 1990 until September 2016.  (See Plaintiff's Local Rule 56.1(b)(3)(C)

Counter-Statement of Material Facts ("CMF"), para. 1).  Plaintiff was in September 2016 a

White male, age fifty-two years. Plaintiff had been diagnosed as afflicted with, and suffering

from, anxiety, depression and post-traumatic stress disorder ("PTSD"). Prior to 2016, Plaintiff

had sought treatment of these conditions.  In connection with such treatment, Plaintiff reported

his condition and physicians' diagnoses to Dart and CCSO, and specifically to persons working

in the Human Resources Department for CCSO. As a result of such reporting, Defendants Dart

and CCSO pre-approved him for Family and Medical Leave Act of 1993 ("FMLA") leave.

(CMF, para. 3).

Plaintiff's psychiatrist, Dr. Hangora, recommended in July 2016, that Plaintiff take leave

from working at CCSO for a period of eight weeks, and particularly that Plaintiff undergo Partial

Hospitalization Program to treat his PTSD during the eight weeks' leave. (CMF, para. 6).

Plaintiff sought to arrange leave with CCSO and Dart's Human Resources personnel.

CCSO personnel, specifically Human Resources employee Defendant Wyola Shinnawi ("Shinnawi"), the FMLA liaison or representative within the CCSO Human Resources office, advised Plaintiff that he could not take medical leave or disability leave on days which immediately precede or follow weekends, holidays, or normal "days-off" for him, and that if he nonetheless did seek to take the time off he would be subject to discipline. (CMF, para. 7). According to CCSO records, Plaintiff had ample medical leave time available to him to take the eight weeks' leave pursuant to his psychiatrist's directions – he had approximately three months' worth of medical leave available to him, in fact. (CMF, para. 8).

Plaintiff disagreed with Defendant Shinnawi's refusal, and pursued the issue, since following the directive of Defendant Shinnawi and CCSO Human Resources Department would materially interfere with Plaintiff's participation in the Partial Hospitalization Program prescribed by his psychiatrist. Nonetheless, CCSO Human Resources personnel, specifically Defendant Shinnawi, acting in her capacity as agent and Human Resources employee for Dart, refused to afford to Plaintiff the time off in spite of his identified medical and psychiatric needs, insisting that Plaintiff would be subject to discipline if he took time off as directed. (CMF. para. 9).

Fearing that he would be subject to disciplinary action to discharge him from his employment at CCSO if he took time off to address his psychiatric needs and trauma, Plaintiff took early retirement on September 20, 2016. Plaintiff was just fifty-two years old at the time of such retirement. (CMF, para. 10). Plaintiff was prescribed three distinct medications, to be consumed concurrently (at the same time period), beginning July 2016, based upon his extreme PTSD. (CMF, para. 16). Plaintiff became extremely anxious as a consequence of his conversation with Defendant Shinnawi concerning potential discipline in the event he followed

through with Dr. Hangora's partial hospitalization prescription and recommendation. (CMF, para. 16). As a consequence of Defendant Shinnawi's and Defendant Dart / CCSO's actions and threats, Plaintiff suffered a nervous breakdown in September 2016. (CMF, para. 11).

Plaintiff had never been disciplined for misconduct or insubordination or employment-related shortcomings as a CCSO Officer. On one occasion in 1989 Plaintiff was wrongfully discharged from his employment for refusing to commit perjury, at the behest of the Cook County State's Attorney's Office, in a murder case pending in the Circuit Court of Cook County. Plaintiff was forced to file a lawsuit in this Court to recover his employment, which was restored in 1990 as part of the resolution of that lawsuit. Nonetheless, Plaintiff left his employment in September 2016, without exhausting his available medical leave (valued at $15,000.00 to $20,000.00 based upon Plaintiff's 2016 salary level). (CMF, para. 15).

Plaintiff has never taken time off from work in order to extend a weekend or vacation, or to prolong celebration and festivities attendant to holidays, family gatherings, or popular sporting events. All of the time off that Plaintiff took for medical leave and FMLA was based upon Plaintiff's legitimate medical needs and physical health needs, as well as Plaintiff's mental health needs. (CMF, para. 17).

Defendants urge that Shinnawi never threatened or mentioned discipline to Plaintiff if he took the leave needed to participate in the partial hospitalization program. Defendants claim that Plaintiff's entire case is based on "just one telephone conversation." (Defendants' Statement of Facts ("SUF"), para. 8). Defendants claim Ziccarelli chose to retire without using his remaining Medical leave benefits (he had approximately a month and one week left). (SUF para. 21).

Finally, Defendants urge that Shinnawi is the Sheriff's Office FMLA manager, and worked in the Human Resources Department, which does not discipline employees. (SUF para. 22).

What was not known or presented to the Court in the Response to the Motion for Summary Judgment was the severity of the Plaintiff's PTSD, and the difficulty Plaintiff has in managing emotion and maintaining objectivity in the face of receiving strife-producing news. Plaintiff should have revealed to the Court, additionally, the particulars of a traumatizing episode Plaintiff experienced prior to September 2016, in which Plaintiff was attacked in the Cook County Jail shower when he was on patrol. The intensity of Plaintiff's PTSD and the additional aggravating trauma of the attack in the Jail, in addition to the fact that he suffered a nervous breakdown in September 2016, the same month he submitted his retirement application, should be considered as factors distorting Plaintiff's judgment at the time of "retirement."

## Standard of Review

Fed. Rule Civ. P. 60(b)(6) permits a court to reopen a judgment for "any other reason that justifies relief." Fed. Rule Civ. P. 60(b)(6). While "Rule 60(b) vests wide discretion in courts, … relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" Buck v. Davis, 137 S.Ct. 759, 777-78 (2017), citing *Gonzalez,* 545 U.S. 524, 535, 125 S.Ct. 2641 (2005). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.' *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863–864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)." *Id*., 137 S.Ct. at 778.

Summary judgment is only proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(c). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. Attica*, 259 F.3d 619, 625 (7th Cir. 2001), citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Court must consider the record in the light most favorable to the nonmoving party, and draw all reasonable inferences in his favor. *Lesch v. Crown Cork & Seal,* 282 F.3d 467, 471 (7th Cir. 2002). The Seventh Circuit Court of Appeals has cautioned against the District Court weighing evidence at summary judgment. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 507 (7th Cir. 2010). A "genuine" factual dispute exists "if a reasonable jury could find for either party." *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). In treating a Rule 56 Motion for Summary Judgment, a "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence; it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Orton-Bell v. State of Indiana*, 13-1235 (7th Cir. 7/21/2014 J. Manion), citing *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005).

I. **The unique nature of Plaintiff's illnesses, especially anxiety and PTSD, and Plaintiff's employment history of being illegally fired by Defendants, are unique circumstances which create genuine issues of material fact precluding entry of summary judgment on the issue of Constructive Discharge.**

The Court found that the facts amounting to constructive discharge must be more severe than

those amounting to a hostile work environment. The Court rejected Plaintiff's assertion that he

was constructively discharged, minimizing Plaintiff's evidence that he believed discharge

was imminent after his conversation with Shinnawi. Indeed, Plaintiff had testified "Oh, I can

take sick days, but I was afraid if I took the sick days that because of the – the statement that was

given to me for discipline action, that the county would come after me because of the fact that

I'm using my sick time because they don't want you to use your sick time." (Plaintiff's

deposition, Defendant's Ex. 2. Page 55).

　　　The Court never considered that Plaintiff, suffering from anxiety and PTSD, may have

been especially susceptible to negative suggestions and messages from Shinnawi. In addition to

Plaintiff's diagnosed psychological illnesses, anxiety and PTSD, directly affecting his decision-

making capacity, Plaintiff can now apprise the Court that he was himself the victim of an inmate

attack, the 2010 shower attack on Plaintiff by multiple inmates while Plaintiff was on duty

guarding the tier without appropriate backup officer. (Supplemental Affidavit, Ex. 1, paras. 2, 7-

11, 30). Against this background, a jury could reasonably find that Shinnawi's remarks alarmed

Plaintiff sufficiently as to impel him to submit his retirement application prematurely, so as to

avoid being disciplined.

　　　Entering summary judgment against Plaintiff in those extraordinary circumstances

amounts to indifference to the unique challenges of living with anxiety, PTSD, and an on-duty

inmate attack from 2010 while Plaintiff was working the inmate tier without the necessary

backup officer.

　　　The Plaintiff's exceptional circumstances justify relief from summary judgment against

Plaintiff in order to avert both 'the risk of injustice to the parties' and 'the risk of undermining

the public's confidence in the judicial process.' *Buck v. Davis*, 137 S.Ct. at 778, citing *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. at 863–864. Relief from the Order granting Defendants' Motion for Summary Judgment is justified under Fed. Rule Civ. P. 60(b)(6).

A jury could find that Plaintiff's testimony is more plausible than Shinnawi's, and could find that discipline – and termination of Plaintiff's employment – was from Plaintiff's distorted perspective absolutely imminent.

Notably, even Defendants had acknowledged that where a plaintiff employee resigns because the employer's actions would communicate to a reasonable employee that he will be terminated, "the employer's conduct may amount to constructive discharge." (*Defendants' Memorandum in Support of Motion for Summary Judgment*, page 6). Whether a reasonable employee would have interpreted Shinnawi's statements as Plaintiff did is somewhat irrelevant; Shinnawi knew Plaintiff and had access to his personnel record, including his medical time allotted and his diagnoses with anxiety and PTSD. A jury could find that Shinnawi articulated herself to Plaintiff in a way calculated to upset Plaintiff and motivate Plaintiff to submit his retirement application prematurely.

The Seventh Circuit has held that "[a]n employee's work environment thus becomes intolerable under the second form of constructive discharge when *the employer's actions* communicate to the employee that she immediately and unavoidably will be terminated." *Wright v. Ill. Dept. of Children & Family Services*, 798 F.3d 513, 528-529 (7th Cir. 2015).

This is exactly the message Plaintiff's employer, through Shinnawi, signaled to Plaintiff unequivocally: that he would be disciplined (which can include termination) immediately and unavoidably if he took part in the partial hospitalization program ("PHP") recommended by his

9

psychiatrist.  (CMF, paras. 7, 9 and 14).  This is sufficient, if proved, to enable a jury to find that Defendants' conduct signaled to Plaintiff that his termination would be immediate and unavoidable if Plaintiff participated in the PHP.  Under *Wright v. Ill. DHFS*, Plaintiff has raised genuine issues of material fact as to whether he was constructively discharged by Shinnawi's actions and comments to him, in the context of Shinnawi being a Human Resources FMLA Manager responsible for authorizing FMLA and medical leave, and reporting officers for discipline if she perceives a violation of Defendants' leave policies.

In view of Plaintiff's additional trauma from the 2010 inmate attack, the Court should appropriately have left the determination of the facts suggested by this evidence to the jury.  This conclusion is reinforced knowing the trauma Plaintiff has endured in his career as a Cook County Corrections Officer, including the 2010 inmate attack and the 1989 wrongful discharge.

Plaintiff submits respectfully that, under the influence of his anxiety and PTSD, he could not but believe reasonably that discharge was imminent if he were to participate in the partial hospitalization program.  In the extraordinary circumstances of Plaintiff's illness and experiences while working as a Corrections Officer for Defendants, it would be unjust to the parties to deprive Plaintiff of the opportunity to present his evidence to a jury to determine whether his belief that he was to be fired immediately was reasonable. Summary judgment should have been denied as to the issue of whether Defendants Dart and CCSO constructively discharged Plaintiff.  Relief under Fed. Rule Civ. P. 60(b)(6) should be granted to Plaintiff to allow such jury trial.

II. **The extraordinary circumstances of Plaintiff's anxiety and PTSD, together with Plaintiff's experiences working in the Cook County Jail as a Corrections Officer for Defendants, dictate that genuine issues of material fact preclude entry of summary judgment as to the issue of FMLA interference.**

The Court granted summary judgment on the FMLA interference claim because "[f]rom what the Court can tell, Shinnawi did her job." (Memo. Order, page 2). But this conclusion was *contradicted* by Plaintiff Ziccarelli – Plaintiff testified that he was told if he took leave and participated in the PHP he would be *disciplined*. (CMF, paras. 7, 9 and 14). This caused extreme distress and alarm to Plaintiff, and amounted to a clear, unequivocal signal from Defendants that Plaintiff would in fact be disciplined – including terminated – if he took the leave and participated in the PHP. (*CMF*, paras. 7, 9 and 14).

Considering Plaintiff's evidence that he suffered the 2010 inmate attack while working for Defendants without a backup officer amounts to extraordinary circumstances justifying relief under Rule 60(b)(6). To serve the ends of justice in these unique conditions, and to avoid undermining confidence in the justice system, the Court should afford Plaintiff relief under Rule 60(b)(6) from the Order granting summary judgment in favor of Defendants.

A jury could reasonably find that Defendants denied Plaintiff FMLA benefits to which he was entitled. A genuine issue of material fact exists, in the wake of the directly contradictory testimony of Defendant Shinnawi and Plaintiff Ziccarelli, which should be resolved in Plaintiff's favor based on the anxiety and PTSD which Plaintiff is enduring, together with the 2010 inmate attack. The Court should grant relief from judgment under Rule 60(b)(6), and deny the Motion for Summary Judgment of the FMLA Interference issue and claim, and set that claim for trial, in order to accord proper resolution.

**III.    Genuine issues of material fact preclude entry of summary judgment as to the issue of FMLA Retaliation.**

The Court essentially accepted Defendants' argument dismissing Plaintiff's FMLA Retaliation claim by asserting that "Defendants did not take any adverse action against Plaintiff or tell him he could not take the FMLA time to which he was entitled.   Plaintiff *disputes* that Defendant Shinnawi did not tell him he could take the FMLA time available to him.  (*CMF*, paras. 7, 9 and 14).  Where a genuine issue of material fact is presented on the summary judgment record, the issue must be resolved at trial. Fed. Rule Civ. P. 56; *Anderson v. Liberty Lobby*, 477 U.S. at 248.

As to the issue of Defendants retaliating against Plaintiff for protected conduct, a reasonable jury could find that the request for the leave to participate in the PHP, and the Plaintiff's previous use of FMLA time, may qualify as the protected conduct which Defendants retaliated against.  Because the prior lawsuits are not the exclusive instances of protected conduct, genuine issues of material fact should have precluded entry of summary judgment on the issue of FMLA Retaliation.

Against the background of Plaintiff's 2010 inmate attack, and the overall negative treatment inflicted on Plaintiff by Defendants throughout Plaintiff's tenure as a Corrections Officer, Plaintiff should be accorded relief from the judgment under Rule 60(b)(6).

**Conclusion**

Plaintiff's 2010 inmate attack occurred while Plaintiff was working at the Cook County Jail, without proper backup officer, as noted hereinabove.  That circumstance together with the prior wrongful discharge of Plaintiff, which he had to file a lawsuit to undo, and Plaintiff's

diagnosed anxiety and PTSD, known to Defendants, justify relief from the Order of summary judgment under Rule 60(b)(6).

Defendants' citation to the testimony of Defendant Shinnawi was insufficient to sustain summary judgment where her testimony is directly, materially contradicted by that of Plaintiff Ziccarelli. Trial by jury is required to resolve the conflicting testimony. The Motion for Summary Judgment should have been denied as to the issues of Constructive Discharge, FMLA Interference, and FMLA Retaliation.

For these reasons, Plaintiff submits respectfully that the Court is justified in granting Plaintiff relief from the Order of Summary Judgment under Rule 60(b)(6). The Order granting Defendants' Motion for Summary Judgment should be vacated under Rule 60(b)(6), and the Court should deny the Motion for Summary Judgment and set the FMLA Retaliation and FMLA Interference claims for trial.

Wherefore, Plaintiff Salvatore Ziccarelli respectfully requests that this Court enter pursuant to Fed. Rule Civ. P. 60(b)(6) an Order granting relief to Plaintiff from its Order of June 20, 2018 granting Defendants' Motion for Summary Judgment, and enter an Order denying Defendants' Motion for Summary Judgment and setting the case for jury trial, solely on the claim of Plaintiff for recovery and reinstatement of his job as a Corrections Officer at the Cook County Jail, together with such further relief as the Court deems just and equitable.

Respectfully submitted,

Salvatore Ziccarelli,


By: /S/ Michael J. Greco_____
        Michael J. Greco
        Attorney for Plaintiff


Michael J. Greco, Attorney at Law
Attorney for Plaintiff
175 W. Jackson Blvd.
Suite 240
Chicago, Ill.  60604
312 222-0599
Atty. No. 6201254
E-mail:  michaelgreco18@yahoo.com

### Certificate of Service

The undersigned attorney certifies that he served a copy of the foregoing document by electronic mail on the U.S. District Court's electronic case filing system to the parties so designated below at their respective addresses shown before 11:59 pm on June 19, 2019.

To:     Mr. Andrew Creighton, Assistant State's Attorney, Kimberly Foxx, State's Attorney of Cook County, Richard J. Daley Center, Suite 500, Chicago, IL 60602  andrew.creighton@cookcountyil.gov

By:_____/S/___  Michael J. Greco _____
Michael J. Greco
Attorney for Plaintiff / Appellant

Michael J. Greco
Attorney for Plaintiff / Appellant
175 W. Jackson Boulevard, Suite 240
Chicago, Illinois  60604
312 222-0599
Atty. No.  06201254
Email: michaelgreco18@yahoo.com