# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SALVATORE ZICCARELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 CV 3179 |
| | ) | |
| THOMAS J. DART, COOK COUNTY, | ) | Judge John J. Tharp, Jr. |
| and WYLOLA SHINNAWI, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

    For the reasons stated below, the defendants' motion for judgment as a matter of law [866] is granted. If the judgment is later vacated or reversed, the defendants' motion for a new trial is granted. The plaintiff's post-trial request for equitable relief [868] is denied.

## STATEMENT

    Plaintiff Salvatore Ziccarelli argues that his former employer, the Cook County Sheriff's Office, Sheriff Thomas Dart, and Wylola Shinnawi, a Sheriff's Office employee (together, "the Sheriff's Office"), interfered with his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, in violation of FMLA § 2615(a)(1), by discouraging him from using leave, which caused him to resign from the Sheriff's Office on September 20, 2016, while he still had 176 hours of FMLA leave remaining. On March 12, 2024, following a two-day trial, a jury returned a verdict in his favor, awarding $240,000 in damages.[1] ECF No. 856.

    Both parties filed post-verdict motions. The Sheriff's Office filed a motion for judgment as a matter of law ("JMOL"), a new trial, or remittitur of the damages award. ECF No. 866. The Sheriff's Office argues that no reasonable jury could find interference or that the Sheriff's Office's actions caused Mr. Ziccarelli prejudice. In addition, the Sheriff's Office argues that Mr. Ziccarelli would not have been able to return to work within his remaining FMLA leave at the time of his resignation nor did he intend to return to work at the end of an FMLA leave, so "the FMLA does not apply." Mem. Supp. Defs.' Renewed Rule 50(b) Motion, Rule 59 Motion, and, in Alt., Mot. Remittitur ("Mem. Supp. Defs.' Mot.") 14, ECF No. 867. Mr. Ziccarelli filed a post-trial request for equitable relief. ECF No. 868. He seeks four years of pension seniority and associated additional pension benefits on the grounds that the jury's award is an award of back pay for the 2017-to-2020 period, so the jury necessarily decided that he would have worked for four more years absent the Sheriff's Office's interference with his FMLA rights.

---

[1] The jury verdict also purported to award attorney's fees, but an award of attorney's fees is not within the jury's province to provide or deny.

For the reasons stated in more detail below, the Court concludes that while the evidence at trial was sufficient for a reasonable jury to find that the Sheriff's Office interfered with Mr. Ziccarelli's FMLA rights, the evidence was insufficient as a matter of law to establish that the actions of the Sheriff's Office caused Mr. Ziccarelli prejudice. Accordingly, the Sheriff's Office's motion for JMOL is granted and, for the same reasons, conditional on reversal or vacatur of the Court's judgment, the Sheriff's Office's motion for a new trial is granted. Mr. Ziccarelli's post-trial request for equitable relief is denied.

I.    **Background**[2]

Mr. Ziccarelli worked for the Sheriff's Office for twenty-seven years, leaving in September 2016. In January 2016, the Sheriff's Office approved Mr. Ziccarelli for intermittent FMLA leave of up to seven days per month for pain impeding mobility, a shoulder injury, anxiety, and post-traumatic stress disorder ("PTSD"). As the year progressed, Mr. Ziccarelli's PTSD worsened (in his words, his PTSD "[g]ot dramatic"). Trial Tr. vol. 1, at 216:3, Mar. 11, 2024, ECF No. 864. In response, his doctor recommended that he undergo an eight-week hospitalization program and take permanent disability. To act on this recommendation, Mr. Ziccarelli contacted the Cook County Pension Fund. *See* Trial Tr. vol. 2, at 252:23-253:13, 260:8-16, Mar. 12, 2024, ECF No. 865. The pension fund told him that he would need to extinguish his FMLA leave before he could claim disability benefits. Mr. Ziccarelli updated his doctor with this information, and his doctor directed him to "[u]se your FMLA, and you take everything from there." Trial Tr. vol. 1, at 216:17.

In response to his doctor's direction to use his remaining FMLA leave, Mr. Ziccarelli called the Sheriff's Office's FMLA coordinator, Ms. Shinnawi. The call took place in the afternoon, sometime after 3 o'clock, within the week before September 20, 2016. *Id.* at 217:21-218:14. Mr. Ziccarelli testified that, "[a]ll I said was, "Salvatore Ziccarelli, Badge No. 14229[.] . . . I'm with external operations. I'm seriously ill. My doctor wants me to take the rest of my FMLA. How much do I have left?" *Id.* at 218:17-20. Ms. Shinnawi responded, "[y]ou used serious amount of time of FMLA. Do not use any more or you will be disciplined." *Id.* at 219:2-3. Mr. Ziccarelli testified that the call ended after this exchange; it lasted only two or three minutes.

Mr. Ziccarelli resigned from the Sheriff's Office on Tuesday, September 20, 2016. As of his resignation, he had 176 hours of FMLA leave remaining in 2016 (the FMLA provides 480 hours per year, and he had already used 304 hours). *See id.* at 155:12-18, 162:16. To take FMLA leave, employees require approval. As stated above, Mr. Ziccarelli had approval for intermittent FMLA leave of seven days per month. To take his remaining four weeks of FMLA leave in a single, continuous period of absence, however, he would have needed to submit a new request supported by certification from his doctor. *See id.* at 142:1-143:17.

Mr. Ziccarelli did not fill out an application for continuous FMLA leave. After his phone call with Ms. Shinnawi, he "used a little bit" of intermittent FMLA leave, for which he had existing approval. Trial Tr. vol. 2, 256:5. Mr. Ziccarelli's timesheet, admitted into evidence as Joint Exhibit

---

[2] For the purposes of the Sheriff's Office' motion, the Court considers the evidence in the light most favorable to Mr. Ziccarelli. Where the Court only includes one version of the facts in the background section, the Court includes the version most favorable to Mr. Ziccarelli (most significantly, the Court omits Ms. Shinnawi's version of her call with Mr. Ziccarelli).

5, indicates that he took FMLA leave from Tuesday, September 6 to Thursday, September 8, 2016 (three consecutive days), and again on Monday, September 19, 2016. *See* ECF No. 31 Ex. 2 at FMLA 00065. On Tuesday, September 20, 2016, Mr. Ziccarelli resigned from the Sheriff's Office. Mr. Ziccarelli testified that his phone call with Mr. Shinnawi took place the week before his resignation, which means that he took at least one day of FMLA leave between the call and his resignation. He was not disciplined for taking this or any prior FMLA leave.

Mr. Ziccarelli attributes his resignation to his phone call with Ms. Shinnawi. He testified that he took "disciplined" to mean "fired." Trial Tr. vol. 1, at 219:4-6. Ms. Shinnawi's "threat" that he would be fired if he took more FMLA leave, as he interpreted her statement, caused him to have a nervous breakdown. *Id*. at 221:1. After his call with Ms. Shinnawi, he "immediately" called his union. *Id*. at 220:14. Union representative Dennis Andrew told him that the union could not assist him until he was fired. As Mr. Ziccarelli testified, "I still had FMLA, so I used a little bit before I got fired, or thought I'd get fired." Trial Tr. vol. 1, at 256:5-6. Then, "instead of endangering others' lives and mine" (he does not explain further), "I discharged out." Trial Tr. vol. 1, 221:8-9. But absent Ms. Shinnawi's threat, "I would have continued to take my FMLA." Trial Tr. vol. 2, at 254:8. Per different portions of Mr. Ziccarelli's testimony, in the but-for world where he continued to take his FMLA leave, he would have (1) extinguished his FMLA and taken permanent disability; (2) worked until he reached 30 years of service (three more years); or (3) worked until age 60 (seven to eight more years). *Compare* Trial Tr. vol. 2, at 253:13-14 (stating that "I would have extinguished everything else I had and go [sic] on disability") *with id*. at 270:12 (stating that "I intend [sic] to work until I was 60 or 30 years were up").

On April 27, 2017, Mr. Ziccarelli filed this action, alleging violations of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and the FMLA. Compl., ECF No. 1. The action was initially assigned to Judge Ronald A. Guzmán. After discovery, on June 20, 2018, Judge Guzmán granted the Sheriff's Office's motion for summary judgment on all claims. *Ziccarelli v. Dart* ("*Ziccarelli I*"), No. 17 C 3179, 2018 WL 3046956, at \*2-3 (N.D. Ill. June 20, 2018). On appeal, the Seventh Circuit reversed in part and remanded, concluding that Mr. Ziccarelli "presented sufficient evidence to defeat summary judgment on his claim of FMLA interference through alleged discouragement" but affirming otherwise. *Ziccarelli v. Dart* ("*Ziccarelli II*"), 35 F.4th 1079, 1081 (7th Cir.), *cert. denied*, 143 S. Ct. 309 (2022).

The action was reassigned to this Court on May 8, 2023, and it proceeded to trial on March 11, 2024. On March 12, 2024, the jury returned a verdict in Mr. Ziccarelli's favor on his FMLA claim and awarded damages of $240,000. ECF No. 856.

## II.  Discussion

The Court starts with the Sheriff's Office's renewed motion for JMOL under Rule 50(b) and, for the reasons explained below, grants this motion. Under Rule 50(c), if a court grants a renewed motion for JMOL, it must also conditionally rule on any motion for a new trial. Therefore, the Court also considers the Sheriff's Office's motion for a new trial. For the same reasons that the Court grants the Sheriff's Office's Rule 50(b) motion, the Court conditionally orders a new trial if the judgment is later vacated or reversed. Accordingly, without considering whether the jury found

that Mr. Ziccarelli would have worked for four more years had he continued to take his FMLA leave, the Court denies Mr. Ziccarelli's post-trial motion for equitable relief. The Court does not reach the Sheriff's Office's alternative motion for remittitur.

### A. Rule 50(b) Motion

Under Rule 50, a court may grant a motion for judgment as a matter of law against a party if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [a dispositive] issue" and the party was fully heard on that issue during the trial. Fed. R. Civ. P. 50(a)(1). A party may move for judgment as a matter of law under Rule 50(a) "at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). This "motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." *Id*. If the court denies the Rule 50(a) motion, "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion," and the movant may file a renewed motion for JMOL after trial. Fed. R. Civ. P. 50(b).

To recover for a violation of FMLA § 2615(a)(1) on an interference theory, a plaintiff must show FMLA interference and prejudice. In its opinion reversing summary judgment against Mr. Ziccarelli, the Seventh Circuit explained Mr. Ziccarelli's burden as follows:

> [T]o show an FMLA interference violation under § 2615(a)(1), Ziccarelli must show that: (i) he was eligible for FMLA protections; (ii) the Sheriff's Office was covered by the FMLA; (iii) he was entitled to leave under the FMLA; (iv) he provided sufficient notice of his intent to take leave; and (v) the Sheriff's Office interfered with, restrained, or denied FMLA benefits to which he was entitled. To recover for a violation of § 2615(a)(1), Ziccarelli must also show he was prejudiced by the unlawful actions of the Sheriff's Office.

*Ziccarelli II*, 35 F.4th at 1089 (internal citations omitted). As to the fifth element of interference above, the Seventh Circuit held that "[i]t is enough that Ziccarelli presents evidence allowing a reasonable jury to conclude that the Sheriff's Office discouraged him from exercising his FMLA rights." *Id*. at 1090. Prejudice "mean[s] harm resulting from the violation." *Id*. at 1084. As to these requirements, this Court instructed the jury as follows: "you must determine whether the Sheriff Office's actions would have discouraged a reasonable employee from taking FMLA leave and caused him to be prejudiced. This test uses an objective standard based on how a reasonable employee might react, not Mr. Ziccarelli's subjective feelings." Trial Tr. vol. 2, 299:20-25.[3]

---

[3] As the Court will explain in more detail, whether the Sheriff's Office's actions caused Mr. Ziccarelli to be prejudiced is a question of whether Ms. Shinnawi's statements to Mr. Ziccarelli caused him not to take more FMLA leave. The further question of how to calculate damages, if Mr. Ziccarelli proved an FMLA violation and prejudice, is separate. In relation to the damages question, the Seventh Circuit stated that "[w]e do not see how an employee in plaintiff's situation could reasonably just give up and walk away from his job, benefits, and treatment plan entirely based on one conversation in which, under his version of the facts, the employer's representative was simply wrong" and that "[t]he district court may have its hands full on remand, particularly if plaintiff tries to blame snowballing consequences, including even early retirement, on his

The Sheriff's Office has moved for JMOL under Rule 50(b) based on two arguments: First, it argues that no reasonable jury could find that "the Sheriff's Office's actions would have discouraged a reasonable employee from taking FMLA leave *and caused him to be prejudiced*." Mem. Supp. Defs.' Mot. 12. Second, it argues that "because Plaintiff could not return to work within the proscribed time provided by FMLA, nor did he intend to return at the end of an FMLA leave, the FMLA does not apply and this Court should enter judgment in favor of the Sheriff's Office pursuant to Rule 50(b)." *Id*. at 15. The Sheriff's Office does not explicitly link this second argument to any of the elements of Mr. Ziccarelli's FMLA claim. The Court interprets it as an argument that Mr. Ziccarelli failed to adduce evidence allowing a reasonable jury to find for him on the last element of an FMLA interference violation, based on the Sheriff's Office's reliance on *Knighten v. Advocate Aurora Health, Inc.*, No. 19-CV-07913, 2021 WL 4282601 (N.D. Ill. Sept. 21, 2021), although the Sheriff's Office misapplies *Knighten*.[4] Therefore, the Court construes the Sheriff's Office's Rule 50(b) motion as arguing that a reasonable jury would not have a legally sufficient evidentiary basis to find for Mr. Ziccarelli on the issues of (1) whether the Sheriff's Office interfered with Mr. Ziccarelli's FMLA benefits and (2) prejudice.

Mr. Ziccarelli opposes the Sheriff's Office's Rule 50(b) motion for JMOL on procedural and substantive grounds. As to procedure, he argues that the Sheriff's Office's preverdict motion for JMOL did not preserve its arguments because the Sheriff's Office did not specify the grounds for the motion. As to substance, he argues that a reasonable jury could return a verdict in his favor if they credited his testimony as opposed to Ms. Shinnawi's testimony.

Therefore, the Court asks the following questions: Did the preverdict motion for JMOL preserve the arguments in the postverdict motion? If so, do those arguments prevail?

---

conversation with Shinnawi." *Ziccarelli*, 35 F.4th at 1090. In opposing application of an objective standard, the plaintiff conceded that it was not objectively reasonable for Mr. Ziccarelli to quit based on Ms. Shinnawi's statements during the call. 2/28/24 Pretrial Conf. Tr., at 9:17-20, 10:6-12, 12:8-10, ECF No. 851. This damages issue would be relevant to the Sheriff's Office's motion for remitter, but the Court does not reach that motion, so it does not decide whether damages for early retirement would be compensable had Mr. Ziccarelli proved FMLA interference and prejudice (the Court decides that he did not).

[4] *Knighten* involved a plaintiff who alleged that her employer (the defendant) had failed to reinstate her to her original position after a six-month absence for a stroke. *Id*. at *2. The *Knighten* Court held that the plaintiff had failed to plausibly allege the last element of an FMLA interference violation based on a denial-of-benefits theory because she was "unable to return to work at the end of the 12-week period of FMLA leave, [so her employer] was no longer legally bound to protect her job." *Id*. at *3. Because she advanced a denial-of-benefits theory, she had to show that she was entitled to the relevant benefits (reinstatement to her original position), but she could not make this showing because she was unable to return to work at the end of twelve weeks. Mr. Ziccarelli, however, advances a discouragement theory, so he needed to show that his employer discouraged him from taking FMLA leave to which he was entitled (a different showing), and whether he would have been able to return to work after taking that leave is not relevant to this showing (it could be relevant to damages, but that is not the province of Rule 50). Thus, *Knighten* is inapposite.

### 1. Procedure

A Rule 50(b) motion can only be granted on grounds specifically advanced in a preverdict motion for JMOL: a Rule 50(b) motion is only a renewal of the preverdict motion, and Rule 50(a) requires a preverdict motion for JMOL to "specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2); *see also* Fed. R. Civ. P. 50 advisory committee's note to 2006 amendment. "[T]he purpose of the rule is to allow the responding party an opportunity to cure any defect in its case before it is submitted to the jury." *Laborers' Pension Fund v. A & C Env't, Inc.*, 301 F.3d 768, 777 (7th Cir. 2002). The Seventh Circuit has taken a functional approach towards determining whether a party's preverdict motion for JMOL preserved its arguments. *See id*. at 778 (holding that a party's arguments for JMOL had been preserved where "a timely motion for JMOL [had] been made" and "the opposing party and the district court were well aware of the grounds supporting the motion" based on the motions in limine).

In this case, at the close of the plaintiff's case, prior to the verdict, counsel for the Sheriff's Office stated, "Judge, before we finish. I want to file a motion for a judgment of a directed finding. Do we do that in front of the jury or at sidebar?," and the Court replied, "It's of record now. I'll take it under advisement." Trial Tr. vol. 2, 277:17-21. In this exchange, the Sheriff's Office did not support its motion for JMOL with argument, but the Court alerted Mr. Ziccarelli to grounds for a Rule 50 motion against him during the pretrial conference, stating:

> I [am skeptical] that Mr. Ziccarelli's damages could include . . . the loss of his job. . . . I don't expect that there's going to be testimony that suggests that damages . . . stemming from or arising in connection with or caused by his resignation will be appropriately considered to be direct damages. But I'm going to let the question . . . go to the jury, and we will see what the jury does with it, understanding that the Court then has the option, if I feel that the damage award is unjustified, to entertain a Rule 50 motion or remitter motion with respect to damages.

3/8/24 Pretrial Conf. Tr., at 37:3-16, ECF No. 863; *see also id.* at 39:7-11 ("I'm not making any definitive ruling because we don't have the fully developed factual record of what this conversation consisted of, which is why I'm leaving open the possibility to a Rule 50 motion with respect to damages.").

The Court interprets the Sheriff's Office's preverdict motion for JMOL as incorporating the grounds discussed at the pretrial conference: that Mr. Ziccarelli presented insufficient evidence "with respect to damages," or more precisely for the purpose of a motion for JMOL (rather than remittitur), prejudice. Prejudice means harm, and damages are the quantification of that harm. Mr. Ziccarelli was well aware of this argument for JMOL, which serves the function of Rule 50. The grounds for JMOL discussed at the pretrial conference did not include insufficient evidence of interference, however. The Sheriff's Office failed to make an argument on these grounds until after the jury's verdict, which is too late. Accordingly, the only argument for JMOL that the Court considers on the merits is the following: even if the Sheriff's Office's actions would have discouraged a reasonable employee from taking FMLA leave, Mr. Ziccarelli failed to present sufficient evidence for a reasonable jury to find that these actions caused him prejudice.

## 2. Substance

To succeed on an FMLA interference claim, Mr. Ziccarelli must present evidence of prejudice. The FMLA "provides no relief unless the plaintiff can prove that he was prejudiced by the violation" on which his claim is based. *Franzen v. Ellis Corp.*, 543 F.3d 420, 426 (7th Cir. 2008); *see also Ziccarelli II*, 35 F.4th at 1084 ("If a plaintiff shows a violation of § 2615(a)(1), winning relief requires the plaintiff to show 'prejudice,' meaning harm resulting from the violation."). Mr. Ziccarelli's theory is that Ms. Shinnawi's statements caused him not to take his remaining FMLA leave for 2016. This theory of prejudice is viable, *Ziccarelli II*, 35 F.4th at 1090, but evidence must substantiate the theory for the jury's verdict to stand. Here, the Court asks whether "the evidence as a whole, when combined with all reasonable inferences permissibly drawn from that evidence, is sufficient to allow a reasonable jury to find" that Ms. Shinnawi's statements caused Mr. Ziccarelli prejudice. *Hall v. Forest River, Inc.*, 536 F.3d 615, 619 (7th Cir. 2008). "Although [the Court] must determine that more than a mere scintilla of evidence supports the verdict, [it] do[es] not make credibility determinations or weigh the evidence." *May v. Chrysler Grp., LLC*, 716 F.3d 963, 971 (7th Cir. 2013) (internal quotation marks and citations omitted).

Based on the record at summary judgment, the Seventh Circuit held that sufficient evidence of prejudice existed to create a jury issue. *Ziccarelli II*, 35 F.4th at 1090. "[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986)). Therefore, the Sheriff's Office's motion for JMOL must fail unless the trial evidence materially differed from the evidence at summary judgment with respect to prejudice.

It did. One important piece of evidence, not recognized at the summary judgment stage, emerged at trial: after his phone call with Ms. Shinnawi, Mr. Ziccarelli took more FMLA leave. On the stand, Mr. Ziccarelli testified that within the span of about a week, he spoke with Ms. Shinnawi on the phone, took "a little bit" of FMLA leave, then resigned from the Sheriff's Office. Records admitted into evidence corroborate his testimony: on September 19, 2016, the day before his resignation, his timesheet shows that he took eight hours of FMLA leave. *See* ECF No. 31 Ex 2 at FMLA 00065. In the summary judgment record, his timesheet was included as an exhibit to his deposition. *Id.* The significance of this record was not recognized, however. The Sheriff's Office quoted Mr. Ziccarelli's deposition testimony that his call with Ms. Shinnawi occurred "close to the time of [resignation]," but neither party made any mention of when Mr. Ziccarelli last took FMLA leave. Defs.' Mem. Supp. Mot. Summ. J. 3, Ex. 1 at ¶ 12, ECF No. 30. The Seventh Circuit's holding regarding prejudice was predicated on Mr. Ziccarelli not having taken his remaining FMLA leave for 2016 after his conversation with Ms. Shinnawi. *See Ziccarelli II*, 35 F.4th at 1090 ("Evidence of a link between Shinnawi's alleged discouragement and Ziccarelli's decision not to take his remaining FMLA leave for 2016 is sufficient to require a trial."). *See also* 2/28/24 Pretrial Conf. Tr., at 12:14-16 (explaining that the Seventh Circuit vacated the summary judgment ruling on the interference claim because "there was a link between Shinnawi's alleged discouragement and Ziccarelli's decision not to take FMLA leave for 2016"). This link was severed at trial.

The Court concludes that Mr. Ziccarelli presented insufficient evidence of prejudice for a reasonable jury to find for him on this issue. Notwithstanding the threats attributed to Ms.

Shinnawi,[5] Mr. Ziccarelli took FMLA leave after his phone call with Ms. Shinnawi, and he was not disciplined for taking that leave (or any prior leave). This fact negates any reasonable inference that Ms. Shinnawi's statements in her phone call with Mr. Ziccarelli caused him not to take FMLA leave. Accordingly, the trial evidence is insufficient to support a jury finding of prejudice, and the Court grants the Sheriff's Office JMOL on this basis.

### B. Motion for a New Trial

"If the court grants a renewed motion for [JMOL], it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed." Fed. R. Civ. P. 50(c)(1). The Sheriff's Office moved for a new trial under Rule 59, so the Court conditionally rules on that motion. After a jury trial, a district court may grant a new trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Situations covered by this authorization include the situation where "the verdict was against the [manifest] weight of the evidence. *Mejia v. Cook Cnty., Ill.*, 650 F.3d 631, 633 (7th Cir. 2011). In evaluating a motion for a new trial, as opposed to a motion for JMOL, a court can consider arguments made for the first time after the jury's verdict, and "the district court has the power to . . . assess[] the credibility of the witnesses and the comparative strength of the facts put forth at trial." *Id*. Thus, the Court has the power to grant a new trial based on insufficient evidence of interference or prejudice.

The Court starts with the issue of interference. The Court is bound by the Seventh Circuit's holding that "[t]hreatening to discipline an employee for seeking or using FMLA leave to which he is entitled clearly qualifies as interference with FMLA rights." *Ziccarelli II*, 35 F.4th at 1090. Mr. Ziccarelli testified that Ms. Shinnawi told him, "[d]o not use any more [FMLA leave] or you will be disciplined," which is materially the same as his testimony at his deposition. Trial Tr. vol. 1, 219:2-3. Ms. Shinnawi provides a different account of her phone call with Mr. Ziccarelli, but this is a "he said, she said" situation, and the jury could believe Mr. Ziccarelli's account. Therefore, the evidence supports a jury finding that the Sheriff's Office's actions would have discouraged a reasonable employee from taking FMLA leave.

Next, the Court returns to the issue of prejudice. For the same reasons above, the Court finds insufficient evidence of prejudice. An FMLA plaintiff must prove prejudice to prevail, so the Court concludes that the jury's verdict is against the manifest weight of the evidence, and the Court conditionally orders a new trial if the judgment is later vacated or reversed.

*     *     *

---

[5] Again, this ruling assumes that the jury accepted Mr. Ziccarelli's version of the phone call with Ms. Shinnawi; the Court is not resolving any credibility questions.

For the reasons stated above, the Sheriff's Office's motion for JMOL is granted, and its motion for a new trial is conditionally granted if the judgment is later vacated or reversed. Mr. Ziccarelli's post-trial motion for equitable relief is denied.

Date: August 7, 2024

John J. Tharp, Jr.
United States District Judge